### The People of the State of Illinois, Defendant in Error, v. Louis Nordine, Plaintiff in Error.

### (Not to be reported in full.)

Error to the County Court of McLean county; the Hon. HOMER W. HALL, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Prosecution by information by the People of the State of Illinois, plaintiff, against Louis Nordine, defendant, for illegal sale of intoxicating liquors. To review a judgment entered on a verdict of guilty, the defendant prosecutes a writ of error.

The judgment of the court was in part as follows:

"And now the said defendant, Louis Nordine, is committed to the custody of the sheriff of McLean County, and it is further ordered and adjudged by the court that the said defendant, because of said judgment of guilty, be further sentenced to pay to the clerk of this court, to be by said clerk disposed of according to law, a fine in the sum of $30 on each of the first, second * * * and twentieth counts of the information herein, making in all a fine of $600, and also the costs of this suit, taxed at $55.75, and in default of said payment of said fine and costs, it is ordered

that the said defendant, Louis Nordine, after the expiration of said terms of imprisonment, stand committed in said county jail until said fines and costs shall have been paid, or until said defendant * * * shall have been discharged according to law.''

M. A. Brennan and R. J. Heffernan, for plaintiff in error; W. W. Whitmore, of counsel.

Miles K. Young and W. B. Leach, for defendant in error.

Mr. Justice Thompson delivered the opinion of the court.

## Abstract of the Decision.

1. CRIMINAL LAW, § 372*—*when judgment not reversibly erroneous.* The totaling up in a judgment, of the sentences inflicting penalties by fine and imprisonment on various counts of an information, *held* a technical informality or surplusage and not harmful to the defendant.

2. CRIMINAL LAW, § 485*—*what should be pointed out and argued in brief.* A mere technical informality in a judgment entered on a verdict of guilty, assigned as error on appeal but not pointed out and argued in the reviewing court, *held* not reversible error.

3. CRIMINAL LAW, § 521*—*what is function of court on appeal in passing on conflicting evidence.* A court of appeal should not usurp the functions of a jury in a criminal case by substituting its judgment for theirs in passing on the weight and credibility of conflicting evidence.

4. CRIMINAL LAW, § 520*—*when verdict set aside on appeal as unsupported by evidence.* It is only where the verdict in a criminal case is so palpably and manifestly against the weight of evidence as to indicate that the verdict is based on passion and prejudice that a verdict and judgment therein will be set aside by an Appellate Court.

5. INTOXICATING LIQUORS, § 151*—*when evidence insufficient to sustain conviction.* Evidence *held* sufficient to sustain a conviction for selling intoxicating liquors in anti-saloon territory.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. INTOXICATING LIQUORS, § 148*—*how guilt or innocence of defendant accused of illegally selling intoxicating liquor determined.* The guilt or innocence of one accused of illegally selling intoxicating liquors is to be determined from the nature of the goods sold and not from the name under which they are ordered.

7. INTOXICATING LIQUORS, § 75*—*what constitutes.* A fermented malt liquor called "Temp Brew" *held* within the Local Option Law (J. & A. ¶ 4637 *et seq.*), prohibiting the sale of intoxicating liquors and defining them as including "all distilled, spirituous, vinous, fermented and malt liquors," though claimed to be nonintoxicating.

8. ·CRIMINAL LAW, § ·556*—*when misconduct of juror harmless error.* An assignment of error, on appeal from a conviction for illegally selling intoxicating liquors, that a person supposed to be pushing the prosecution had talked to a juror concerning his duties before he was called into the jury box, where no such occurrence is contained in the record and it is stated in the argument that such juror was excused for cause, *held* there is no basis for such assignment.

9. CRIMINAL LAW, § 583*—*when assignments of error deemed waived.* Assignments of error in a criminal case not argued are deemed waived.